■ Lucia Rolon, Respondent, v New York City Transit Authority, Appellant. — Judgment of the Supreme Court, New York County, entered April 8, 1980, unanimously reversed, on the law, the facts and in the exercise of discretion, and the matter remanded for a new trial, with costs to abide the event. Plaintiff brought this action to recover for injuries suffered in a fall

caused by a loose metal tread on a stairway in the Times Square subway station. The jury was selected on March 28, 1980. At that time, apparently, there was some discussion among counsel and the court with respect to the then prospective subway strike. Since that discussion was off the record, we are unaware of its nature or outcome. In any event, the matter proceeded to trial on March 31, and on that day the plaintiff put in all of her proof and rested. The subway strike commenced on April 1. Because of the Passover holiday the trial court did not convene that day. On April 2 only two jurors were able to make it to the courthouse and the trial was again adjourned, this time to April 3. On April 3, four of the six jurors attended. In addition, the two alternates were present. Counsel for the transit authority moved that the trial be continued until some date after the termination of the strike, or, in the alternative, that a mistrial be declared. He noted that only one witness was able to be produced by the authority; that the police officer who made the report of the injury was detailed to essential police work involving the strike, and that the police department would not release him to testify at a civil trial. He further noted that the other witnesses who would ordinarily be produced by the authority were strikers who had been directed by their union leadership not to respond to a request to attend and testify. The trial court recognized that counsel for the authority had "a reasonable explanation for not having produced material witnesses and it can be so testified to and stated". Nevertheless, he denied the motion. Thereupon, he substituted the two alternate jurors for the two missing jurors. To compound the situation, plaintiff's counsel requested a missing witness charge which the court gave, leavened only by the admonition that it was for the jury to determine whether the strike constituted adequate cause for the failure to produce the witnesses. To add to the situation, the court delivered a missing records charge in connection with records which had never been demanded and hence, had not been produced in court. We are of the opinion that these errors, individually and cumulatively, mandate a retrial. Inasmuch as the court recognized that the absent witnesses were material witnesses, the effect of its refusal to grant the authority's motion was to reduce the trial to an inquest and constituted an abuse of discretion. To add both the missing witness and missing records charges in the circumstances here indicated was error and saddled the authority with an insuperable burden. Accordingly, the judgment cannot be permitted to stand. Concur — Kupferman, J. P., Markewich, Silverman and Bloom, JJ.; Sandler, J., concurs in the result only.